**O**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 08-5979  ODW (JWJx) | Date | December 23, 2008 |
|---|---|---|---|
| Title | Timothy Gantt v. County of Los Angeles, *et al.* | | |

| Present: | The Honorable Otis D. Wright II, United States District Judge |
|---|---|

| Raymond Neal | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings (In Chambers):**    **Order GRANTING in part and DENYING in part Defendants City of Los Angeles' and Jose L. Reyes' Motion for Judgment on the Pleadings**

## I.    INTRODUCTION

This case stems from the early 1990s arrest, trial, and conviction of Timothy Gantt ("Plaintiff" or "Gantt") for murder and robbery.  In 1994, Gantt was sentenced to life in prison without the possibility of parole.  During Gantt's incarceration he filed several petitions for writ of habeas corpus.  In 2004, the Ninth Circuit Court of Appeals reviewed one such petition and found that the prosecution failed to turn over exculpatory evidence to the defense during the trial.  The district court then invalidated Gantt's conviction and sent the matter back to state court for a retrial.  The prosecution commenced the retrial on June 3, 2008.  After a key prosecution witness recanted his earlier testimony, the prosecution dropped all charges, and Gantt was set free.  On September 12, 2008, Gantt filed a Complaint in this Court against the City and County of Los Angeles and several individual defendants asserting ten claims for relief under 42 U.S.C. § 1983.

The matter is presently before the Court on Defendants City of Los Angeles' and Jose L. Reyes' Motion for Judgment on the Pleadings ("Motion"), filed October 23, 2008.  Plaintiff filed an Opposition on November 4, 2008 to which Plaintiff filed a Reply brief on November 7, 2008.  After considering the materials submitted by the parties, the case file, the arguments advanced by counsel at the hearing, and the supplemental briefing, Defendants' Motion is GRANTED in part and DENIED in part.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-5979  ODW (JWJx) | Date | December 23, 2008 |
|----------|------------------------|------|-------------------|
| Title | Timothy Gantt v. County of Los Angeles, *et al.* | | |

II.    FACTS

On August 19, 1992, the deceased body of college student Kalpesh Vardham ("Vardham") was found on the sixth floor of a parking structure in downtown Los Angeles.  Vardham had been stabbed 19 times.  No suspects were found at the scene when police arrived.

Two months later, the police picked up David Rosemond, a local car burglar, in connection with an unrelated burglary.  Rosemond disclosed that he had been in the garage at the time of Vardham's murder and had seen someone "beating up" the victim.  On Rosemond's tip, the police arrested Gantt on October 21, 1992.  At this time, however, no charges were filed against Gantt and he was released.  In 1993, after the Los Angeles Police Department conducted an additional investigation, Gantt was re-arrested and charged with the robbery and murder of Vardham.

At the time of his arrest, Gantt was found with a matchbook on his person from "Shalimar of India," an Indian restaurant in the San Fernando Valley area of Los Angeles.  Inside the matchbook was a 19-digit Bangladesh telephone number.  At trial the prosecution theorized that Gantt took the matchbook from Vardham during the robbery and murder.  This was the only physical evidence that the police alleged linked Gantt to the crime.

During the 1994 trial, the prosecution essentially had three witnesses.  Rosemond testified that he saw Gantt "beating up" the victim at the time of the crime.  Another witness, a CPA named Kevin Shorts, arrived at the parking structure at 9:08 a.m. and drove to the sixth level.  Shorts testified that he saw Plaintiff driving a vehicle on the sixth floor of the structure near the time the crime occurred.  Shorts also said he saw someone who fit the description of Michael Smith, Gantt's co-defendant.  The final witness was a parking lot attendant who specially marked the tickets of those who did not have to pay because they were in the parking lot for less than five minutes.  The attendant remembered that the only no-pay that day belonged to a car that had entered at 9:08 a.m. and left at 9:13 a.m., driven by a black man between 35 and 40 years old and weighing about 200 pounds (a description that fit Gantt reasonably well, who was 46 years old at

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-5979  ODW (JWJx) | Date | December 23, 2008 |
|---|---|---|---|
| Title | Timothy Gantt v. County of Los Angeles, *et al.* | | |

the time), with a similarly built passenger.

What the prosecution did not show at trial, was any connection between the victim and the matchbook and phone number found on Gantt at the time of his arrest. This connection was merely a "theory" that implied that the matchbook and phone number must have been taken by Gantt from Vardham. However, the police had called the phone number and spoken to a man in Bangladesh who said he did not recognize Vardham's name. This fact was disclosed to the defense before trial. The police had also faxed a photograph of the victim to authorities in Bangladesh who showed it to a man named Khan, the proprietor of the house to which the phone number connected. Khan did not recognize the face in the photograph. The police knew about this by the last day of testimony; the prosecutor disclosed Khan's meeting with the Bangladeshi authorities to the defense but did not mention that Khan had not recognized Vardham's face.

In a published opinion, the Ninth Circuit explained how undisclosed information about the matchbook might have helped the defense's argument had it known all of the details before the conclusion of trial. *Gantt v. Roe*, 389 F.3d 908, 912 (9th Cir. 2004). The Ninth Circuit explained:

> That Khan didn't recognize Vardham's picture when it was shown to him by Bangladeshi authorities could also have been helpful to the defense. After all, the jury could have reasoned that, though the man in Bangladesh didn't remember the victim's name, he nevertheless might know him by sight. Evidence to the contrary could have helped persuade the jury that there really was no connection between Vardham and the person whose number was written in the matchbook–and therefore that the matchbook didn't come from Vardham at all.

*Id*. The Ninth Circuit concluded that the prosecution's failure to disclose exculpatory evidence concerning the matchbook was a violation under *Brady v. Maryland*, 373 U.S. 83 (1963).

The Ninth Circuit's opinion also stated the prosecution's overall case against Gantt was relatively week. *See Gantt*, 389 F.3d at 913. Witness Kevin Shorts was waiting for a

**O**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 08-5979  ODW (JWJx) | Date | December 23, 2008 |
|---|---|---|---|
| Title | Timothy Gantt v. County of Los Angeles, *et al.* | | |

parking space in the garage and only saw a driver he alleged was Gantt for a few seconds. The driver of a car was facing away from Shorts but, as the car started moving, the driver (allegedly Gantt) looked in his rear-view mirror, and Shorts, still waiting behind, saw the driver's reflection.  The defense also brought out that a widely publicized $40,000 reward had been offered for information leading to the arrest and conviction of a suspect in connection with the Vardham killing, suggesting that Shorts's extraordinary efforts to help the police, including getting hypnotized to enhance his memory, showed more of an interest in collecting the reward than in telling the truth.  *See Gantt*, 389 F.3d at 913-14.

The key witness for the prosecution was Rosemond, the only person who claimed to have seen the crime.  But Rosemond was far from an ideal witness.  He was a convicted car burglar who had been up all night before the murder smoking crack, and who was in the garage the morning of the murder to steal car radios to fuel his drug habit.  He claimed the police offered to help him get into a prison drug treatment program and they threatened to charge him with the murder if he didn't tell them everything he knew.  Rosemond testified that, though he saw Gantt beating up the victim, he didn't intervene because it was none of his business–but he did come back minutes later to pick up the dying victim's ATM card off the ground instead of calling for help.  *See Gantt*, 389 F.3d at 915.

In 2008, during Gantt's retrial, Rosemond recanted his testimony, and the prosecution's case began to unravel.  On June 5, 2008, after prospective jurors were called for the retrial, the prosecution announced it was unable to proceed and dismissed its case under California Penal Code § 1385.

Plaintiff Gantt has filed a Complaint asserting the following nine claims for relief: (1) malicious prosecution; (2) false imprisonment/arrest; (3) failure to disclose material exculpatory evidence; (4) failure to gather, preserve and/or disclose material exculpatory evidence; (5) fabrication of evidence; (6) suggestive line-up and identification procedures; (7) Monell claim against entity defendants; (8) reckless indifference to civil rights violations against Willie Williams and the City of Los Angeles; and (9) failure to intervene to prevent civil rights violations against individual named defendants.  The City of Los Angeles and Jose L. Reyes have filed a Motion for Judgment on the Pleadings as to all claims.  The Court will address each of Defendants' arguments in turn.

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 08-5979  ODW (JWJx) | Date | December 23, 2008 |
|----------|------------------------|------|-------------------|
| Title | Timothy Gantt v. County of Los Angeles, *et al.* | | |

## III.   DISCUSSION

### A.     Legal Standard: Judgment on the Pleadings

After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings.  Fed. R. Civ. P. 12(c).  The standard applied on a Rule 12(c) motion is essentially the same as that applied on Rule 12(b)(6) motions; a judgment on the pleadings is appropriate when, even if all the allegations in the complaint are true, the moving party is entitled to judgment as a matter of law.  *Milne ex rel. Coyne v. Stephen Slesinger, Inc.*, 430 F.3d 1036, 1042 (9th Cir. 2005); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 , 127 S.Ct. 1955, 1965 (2007) ("[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." (Citations omitted)).  When determining a motion for judgment on the pleadings, the Court should assume the allegations in the Complaint to be true and construe them in the light most favorable to the plaintiff, and the movant must clearly establish that no material issue of fact remains to be resolved.  *McGlinchey v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir.1988).  However, "conclusory allegations without more are insufficient to defeat a motion [for judgment on the pleadings]."  *Id.*

### B.     Analysis

As a preliminary matter, Plaintiff is instructed to amend his Complaint to better organize and streamline his claims.  What Plaintiff has alleged in claims numbered 3, 4, 5, 6, and 9 are perhaps elements or proof of malicious prosecution or a due process violation, but they are not separate causes of action in and of themselves.  Accordingly, Plaintiff should amend his Complaint to reflect his actual, viable claims for relief.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-5979  ODW (JWJx) | Date | December 23, 2008 |
|---|---|---|---|
| Title | Timothy Gantt v. County of Los Angeles, *et al.* | | |

    *i.*     *First Claim: Malicious Prosecution*

    The Ninth Circuit has adopted an evidentiary presumption in false arrest/malicious prosecution cases.  *See Beck v. City of Upland*, 527 F.3d 853, 862 (9th Cir. 2008).  A presumption exists "that the prosecutor filing [a criminal] complaint exercised independent judgment in determining that probable cause for an accused's arrest[/prosecution] exist[ed], thereby breaking the chain of causation between an arrest and prosecution and immunizing investigating officers . . . from damages suffered after the complaint was filed."  *Id.* (internal quotations marks and citations omitted); *see also Smiddy v. Varney*, 665 F.2d 261, 266-67 (9th Cir. 1981) ("*Smiddy I*") and *Smiddy v. Varney*, 803 F.2d 1469, 1472 (" *Smiddy II* ") (9th Cir.1986) (discussing the presumption). The presumption "may be rebutted if the plaintiff shows that the independence of the prosecutor's judgment has been compromised."  *Beck*, 527 F.3d at 862 (citing *Smiddy I*, 665 F.2d at 266-67).

    The Ninth Circuit has provided examples of circumstances in which the presumption of independent judgment will be considered rebutted.  The enunciated include "situations in which the prosecutor was pressured by police or was given false information, the police act[ed] maliciously or with reckless disregard for the rights of an arrested person, the prosecutor relied on the police investigation and arrest when he filed the complaint instead of making an independent judgment on the existence of probable cause for the arrest, or the officers otherwise engaged in wrongful or bad faith conduct that was actively instrumental in causing the initiation of legal proceedings," *Beck*, 527 F.3d at 862-63 (internal quotation marks and citations omitted).  "Once 'the plaintiff has introduced evidence to rebut the presumption, the burden remains on the defendant to prove that an independent intervening cause cuts off his tort liability.'" *Id.* at 863 (quoting *Smiddy I*, 665 F.2d at 267).

    Here, with regard to Detective Reyes, there is a presumption that the prosecutor who filed the criminal complaint exercised independent judgment in determining that probable cause for Plaintiff's prosecution existed.  To rebut this presumption, Gantt alleges that no probable cause existed for his arrest and that the prosecution was based on false charges and statements. (*See* Compl. ¶¶ 24, 37, 42, 45, & 46.)  Further, and most

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 08-5979  ODW (JWJx) | Date | December 23, 2008 |
|---|---|---|---|
| Title | Timothy Gantt v. County of Los Angeles, *et al.* | | |

relevant to a malicious prosecution charge, Gantt alleges, "[t]he investigation of the murder of Mr. Vardham had appraised the Los Angeles Police Department that Gantt was innocent of the murder of Mr. Vardham before he was rearrested in 1993."  (Compl. ¶ 43.)

The above allegations appear to rebut the presumption of officer immunity as the allegations are similar to the above example where "officers otherwise engaged in wrongful or bad faith conduct that was actively instrumental in causing the initiation of legal proceedings."  *Beck*, 527 F.3d at 862-63.  And because Plaintiff has raised such allegations in his Complaint, it would be premature to dismiss Detective Reyes at this early stage of the litigation.

Despite the above rule and rebutted presumption, Defendants argue that Defendant Reyes should be dismissed simply because perjury and subornation of perjury are allegedly not actionable against police officers.  Defendants cite to the Supreme Court's ruling in *Briscoe v. LaHue*, 460 U.S. 325 (1983) in support of their argument.  In *Briscoe*, the Court held that 42 U.S.C. § 1983 does not authorize a convicted state defendant to assert a claim for damages against a police officer for giving perjured testimony at the defendant's criminal trial.  *Briscoe* is distinguishable from the issues before the Court here, however.  *Briscoe* merely looked at a police officer's testimony at trial and held that the officer was immune from damages liability based on that testimony.  Here, the issue is not so much the testimony at trial as it is the investigation and presentation to the deputy district attorney that led the Gantt's prosecution.

Additionally, at the hearing on this matter, the Court asked Plaintiff to brief the issue of statute of limitations as to all claims.  It appears that the statute of limitations has not run as to Plaintiff's malicious prosecution claim.  *See Heck v. Humphrey*, 512 U.S. 477, 489-90 (1994) (noting that "a cause of action for malicious prosecution does not accrue until the criminal proceedings have terminated in the plaintiff's favor."  Similarly, a plaintiff has no cause of action under § 1983 "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus.").  Here, Plaintiff's habeas corpus petition was denied by the district court in 1999.  On November 22, 2004, the Ninth Circuit Court of Appeals reversed and remanded the case back to the district court.  Then, on March 9, 2006, the district court

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-5979  ODW (JWJx) | Date | December 23, 2008 |
|----------|------------------------|------|-------------------|
| Title | Timothy Gantt v. County of Los Angeles, *et al.* | | |

invalidated Plaintiff's conviction and ordered a retrial.  Therefore, March 9, 2006 is the operative accrual date for the malicious prosecution claim.  Because Plaintiff was imprisoned at the time of this accrual, California Code of Civil Procedure section 352.1 applies tolling the applicable statute until the charges were dropped and Plaintiff was finally released from custody in June 2008.  Accordingly, Plaintiff's malicious prosecution claim survives the statute of limitations.

Additionally, in their supplemental brief filed after the hearing, Defendants argue that Plaintiff simply cannot meet the elements of his malicious prosecution claim. Defendants contend that the dismissal of Plaintiff's criminal case "in the interest of justice" does not amount to a "favorable termination" as required.  Defendants are correct that "[a]n individual seeking to bring a malicious prosecution claim must *generally* establish that the prior proceedings terminated in such a manner as to indicate his innocence." *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1068 (9th Cir. 2004) (emphasis added) (citations omitted).  However, "[s]imilar to other terminations short of a complete trial on the merits, a dismissal in the interests of justice satisfies this requirement if it reflects the opinion of the prosecuting party or the court that the action lacked merit or would result in a decision in favor of the defendant." *Id*. (citations omitted).  "When such a dismissal is procured as the result of a motion by the prosecutor and there are allegations that the prior proceedings were instituted as the result of fraudulent conduct, a malicious prosecution plaintiff is not precluded from maintaining his action unless the defendants can establish that the charges were withdrawn on the basis of a compromise among the parties or for a cause that was not inconsistent with his guilt." *Id*.  Based on the foregoing, Plaintiff's malicious prosecution claim will survive the instant motion to dismiss.

In sum, at this early stage in the litigation, questions remain as to whether the independence of the prosecutor's judgment was compromised.  And as Plaintiff points out, "the presumption of independent prosecutorial judgment in the charging decision is an evidentiary presumption applicable at the summary judgment stage to direct the order of proof; it is not a pleading requirement to be applied to a motion to dismiss, before discovery has taken place." *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1126 (9th Cir. 2002).  In addition, Plaintiff's First claim was timely filed.  Accordingly, Defendants' Motion as to the First Claim is DENIED.

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 08-5979  ODW (JWJx) | Date | December 23, 2008 |
|----------|------------------------|------|-------------------|
| Title | Timothy Gantt v. County of Los Angeles, *et al.* | | |

ii.      *Second Claim: False Imprisonment/Arrest*

Defendants argue that the applicable statute of limitations has expired as to Plaintiff's False Imprisonment and Arrest claim.  This is a unique case in that Plaintiff was arrested twice–once in 1992 and again in 1993.  Defendants argue that Detective Reyes was only involved in the 1992 arrest and that the claim against him should be dismissed pursuant to the statute of limitations.  The Court agrees.

"Federal law determines when a cause of action accrues and the statute of limitations begins to run for a § 1983 action."  *Elliott v. City of Union City*, 25 F.3d 800, 801-802 (9th Cir. 1994) (citing *Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 760 (9th Cir. 1991).  Specifically, the statute of limitations for false arrest begins to run "as soon as the allegedly wrongful arrest occurred."  *Wallace v. Kato*, 549 U.S. 384, 127 S.Ct. 1091, 1095 (2007).  A false imprisonment claim accrues when the alleged false imprisonment ends.  *Id.* at 1096.  This does not necessarily mean when a claimant is released from custody, however.  False imprisonment ends when legal process is initiated against the claimant.  *Id.*  Stated differently, "a false imprisonment ends once the victim becomes held pursuant to such process–when, for example, he is bound over by a magistrate or arraigned on charges.  Thereafter, unlawful detention forms part of the damages for the 'entirely distinct' tort of malicious prosecution, which remedies detention accompanied, not by absence of legal process, but by wrongful institution of legal process."  *Wallace*, 127 S.Ct. at 1096 (noting that the "petitioner's contention that his false imprisonment ended upon his release from custody, after the State dropped the charges against him, must be rejected.  It ended much earlier, when legal process was initiated against him, and the statute would have begun to run from that date.").

Section 1983 does not contain its own limitations period, but the Supreme Court has held that the appropriate period is that of the forum state's statute of limitations for personal injury torts. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985).  Plaintiff concedes that the statute of limitations for a false arrest/imprisonment in 1992 was one year.

Based on the foregoing, Gantt's false arrest claim accrued when he was arrested both in 1992 and 1993.  His false imprisonment claim accrued when he was held over for

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 08-5979  ODW (JWJx) | Date | December 23, 2008 |
|----------|------------------------|------|-------------------|
| Title | Timothy Gantt v. County of Los Angeles, *et al.* | | |

trial by a magistrate in late 1993 or early 1994.  The alleged unlawful detention that occurred *after* Plaintiff was held over for trial falls under the malicious prosecution claim.

Clearly, if the false arrest statute began to run when Gantt was arrested in 1992, the limitations period would have expired long ago.  However, Plaintiff argues that California Code of Civil Procedure section 352.1 should apply to toll the applicable statute.  Section 352.1(a) states, "[i]f a person entitled to bring an action . . . is, at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life, the time of that disability is not a part of the time limited for the commencement of the action, not to exceed two years."  If section 352.1 were to apply here, the statute of limitations would only be tolled until January 1, 1995.  *See Johnson v. State of Cal., 207 F.3d 650*, 654 (9th Cir. 2000) (noting that section 352.1 can be retroactively applied, but claims that accrued before January 1, 1995 are only tolled for two years from accrual, or until January 1, 1995, whichever occurs later.").  Thus, any tort claims arising from the 1992 arrest must be dismissed.

The statute of limitations has also run as to Gantt's 1993 arrest and alleged false imprisonment.  At first glance it might appear that section 352.1 would not apply to Gantt, because he was imprisoned for a life term, which is an exclusion under section 352.1.  However, at the time of "accrual" (at the time of the arrest or at the time he was held pursuant to legal process), Gantt was not imprisoned for a life term.  Still, as stated above, section 352.1 would only toll the statute of limitations until 1995.  *See Johnson, 207 F.3d at* 654.  Gantt would have had to file his false arrest and false imprisonment claims in 1996, which he did not.  Accordingly, Gantt's second claim for relief must be dismissed in its entirety on statute of limitations grounds.

### iii.    Claims Three, Four, Five, Six, and Nine

As stated above, Plaintiffs claims for relief numbered 3, 4, 5, 6, and 9 are not true causes of action.  In Plaintiff's supplemental brief he attempts to clump these claims together under the umbrella "denial of due process right to fair trial."  However, this "claim" is not in the Complaint.  Accordingly, Plaintiff's claims numbered 3, 4, 5, 6, and 9 are stricken with leave to amend.

**O**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 08-5979  ODW (JWJx) | Date | December 23, 2008 |
|----------|------------------------|------|-------------------|
| Title | Timothy Gantt v. County of Los Angeles, *et al.* | | |

> ### vi.    *Claim Seven*

Defendants did not address Claim Eight, but they did address Claim Seven. Defendants note to the extent this Court grants any of the previous arguments , the *Monell* claims that are attached to the underlying constitutional violations must also fail. The Court agrees.  The only claims wholly dismissed, however, are the false arrest/false imprisonment claims.  Therefore, Claim Two is also dismissed as to City of Los Angeles.

## IV.    CONCLUSION

For the foregoing reasons, Defendants' Motion as to Claim One is DENIED. Defndants' Motion with regard to Claim Two is GRANTED.  Plaintiff is granted 20 days leave from the date of this order to amend Claims 3, 4, 5, 6, and 9 as instructed above.

|  | ---- | : | 00 |
|--|------|---|----|
| Initials of Preparer | RGN | | |