CARMEN A. TRUTANICH, City Attorney - SBN 86629x
GARY G. GEUSS, Chief Assistant City Attorney
CORY M. BRENTE, Assistant City Attorney
SUREKHA A. PESSIS, Deputy City Attorney - SBN 193206
Email: Surekha.Pessis@lacity.org
200 North Main Street
6th Floor, City Hall East
Los Angeles, CA 90012
Phone No.: (213) 978-7036, Fax No.: (213) 978-8785

*Attorneys for Defendants* CITY OF LOS ANGELES, WILLIE L. WILLIAMS, LOUIS TROVATO, JOSE L. REYES, RICK LANE, and AL GONZALES

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY GANTT,<br><br>*Plaintiff,*<br><br>vs.<br><br>COUNTY OF LOS ANGELES, CITY OF LOS ANGELES, RICK LANE, #116702, JOSE L. REYES #21778, AL GONZALES #15614, LT. LOUIS TROVATO, WILLIE WILLIAMS, EDWARD BOYER, STERLING NORRIS, AND DOES 1-10, INCLUSIVE,<br><br>*Defendants.* | CASE NO.: **CV08-05979 ODW (CWx)**<br>Hon. Otis D. Wright, II, Trial Judge, Ctrm. 11<br>Hon. Carla M. Woehrle, Mag. Judge, Ctrm. 640, Roybal<br><br>Consolidated with:<br>**CV09-08565 ODW (CWx)**<br><br>**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NUMBERS 1 AND 13; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF SUREKHA A. PESSIS**<br><br>DATE: September 13, 2010<br>TIME: 4:00 p.m.<br>PLACE: Ctrm. 11 |
| MICHAEL SMITH,<br><br>*Plaintiff,*<br><br>vs.<br><br>CITY OF LOS ANGELES, RICK LANE, #116702, JOSE L. REYES #21778, AL GONZALES #15614, LT. LOUIS TROVATO, WILLIE WILLIAMS, AND DOES 1-10, INCLUSIVE,<br><br>*Defendants.* | Final P.T.C.: August 30, 2010<br>Trial Date: September 21, 2010 |

-i-

**TO THE HONORABLE COURT, PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

Defendants City of Los Angeles, Willie L. Williams, Louis Trovato, Jose L. Reyes, Rick Lane, and Al Gonzales hereby submit this Reply to Plaintiffs' Opposition to Defendants' Motion in Limine Nos. 1 and 13.

DATED: August 30, 2010         **CARMEN A. TRUTANICH**, City Attorney
                                **GARY G. GEUSS**, Chief Assistant City Attorney
                                **CORY M. BRENTE**, Assistant City Attorney


                                By_____/S/_____
                                    **SUREKHA A. PESSIS,** Deputy City Attorney
                                *Attorneys for Defendants* **CITY OF LOS ANGELES, WILLIE L. WILLIAMS, LOUIS TROVATO, JOSE L. REYES, RICK LANE, and AL GONZALES**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. DEFENDANTS' MOTION IN LIMINE NOS. 1 AND 13

Defendants' In Limine Motion No. One seeks exclusion of the following:[1]

1. Evidence of and references to any personnel complaints or personnel history of any Los Angeles Police Department ("LAPD") Officer (current or former), including Jose Reyes, Rick Lane, Louis Trovato and Willie Williams (including the related and unrelated Internal Affairs investigations);

2. Evidence of and references to other civil suits concerning any of the Defendants or any other peace officers who may be called to testify in this matter;

3. Evidence of and references to the "alleged" Los Angeles Police Department "scandals", including the Rampart scandal, the Rodney King incident, the May Day incident, the "Consent Decree" and/or the Christopher Commission Report.

Defendants' In Limine No. Thirteen seeks preclusion of the testimony of Deputy District Attorneys Stephanie Sparagna and Donna Lebowitz on grounds that their testimony is irrelevant and unfairly prejudicial. (Federal Rules of Evidence 402 and 403). Plaintiff deposed Deputy District Attorneys Donna Lebowitz and Stephanie Sparagna in connection with an unrelated Internal Affairs report. Defendants filed Motion in Limine No. One on June 14, 2010. These prosecutors were deposed on July 9, 2010 and therefore Motion in Limine No. 13 could not be filed until August 13, 2010.

## II. PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTIONS IN LIMINE

### 1) Motion in Limine No. 1.

In their Opposition to Defendants' Motion In Limine No. One, Plaintiffs confuse the analysis regarding "intent" and "motive" with the admission of evidence

---

[1] Defendants separately have filed Motion in Limine No. 7 for Trifurcation.

1

relating to custom, practice and training issues in an effort to support their claim that evidence of the Internal Affairs investigations should be admitted at trial.

Of course, the inquiry for whether an individual officer's past complaints, history, "bad acts", or other investigative history, is very different from the issue of *Monell* liability against a municipal entity or a supervisor. Nevertheless, Plaintiffs' arguments, when parsed out as to which entity or individual against whom they are being asserted, fail.

### A. *Monell* Claim

Plaintiffs allege the City failed to properly train Reyes and Lane which caused them to suffer a deprivation of their constitutional rights. Additionally, Plaintiffs contend the City maintained unconstitutional policies such as those which called for the subornation of perjury, failure to turn over exculpatory evidence and witness intimidation. Plaintiffs, however, fail to identify any evidence supporting their claim that Reyes and Lane were improperly trained. Moreover, Plaintiffs provide no authority establishing the alleged failure to train the two Detectives, Reyes and Lane, gives rise to *Monell* liability. Further, there is no evidence the City maintained the policies alleged at Paragraph 10 of Smith's Complaint or Paragraph 11 of Gantt's Second Amended Complaint. Finally, the findings of the 1992 Internal Affairs Investigation contradicts any claim the investigation is relevant, even for a *Monell* phase. As such, the proffered evidence is irrelevant and should be excluded.

### B. Supervisory Liability

On the issue of supervisory liability, Plaintiffs rely on *Gutierrez-Rodriguez v. Cartagena*, 882 F.2d 553 (1st Cir. 1989). Plaintiffs assert this case holds: "evidence of prior complaints and how they were handled may be relevant on the issue of supervisory liability." Gutierrez, however, is distinguishable from the instant case.

///

1   In *Gutierrez, supra,* there was much evidence gathered prior to trial that the supervising officer, Soto, had a significant history of complaints about his violent and aggressive behavior which were ignored by his supervisors. In this case, there is no such history showing any pattern of misconduct or reckless disregard of civil rights by the Defendant Officers. The only "evidence" which Plaintiffs have is an unrelated Internal Affairs investigation, where neither Trovato nor Gonzales were accused of misconduct.[2] As such, Plaintiffs cannot argue the investigation has any bearing on their claims against Trovato, Gonzales, or Williams. Moreover, Plaintiffs present no evidence which demonstrates that Williams was a supervisor of either Reyes or Lane, or otherwise had personal involvement in this matter.

Specifically, as to retired Chief Williams, Plaintiffs present no evidence demonstrating that he was a supervisor of either Reyes or Lane, or that Williams had any personal involvement in this matter.

### C. Alleged Bad Acts of Defendant Officers to Show Intent or Motive

Plaintiffs cite several cases in an effort to convince this Court the Defendant Officers' alleged prior bad acts should be admitted to demonstrate "intent" or "motive." None of these cases, however, support Plaintiffs' position.

Plaintiffs' first case, *Grandstaff v. City of Borger,* 767 F.2d 161 (5th Cir. 1985), has nothing to do with, and does not discuss anything about, an individual officer's intent or motive. Rather, the opinion relates to the admission of prior or subsequent acts of individual officers to show that "the disposition of a policymaker may be inferred," circumstantially. Thus, the Court should disregard this authority.

Second, Plaintiffs cite another 5th Circuit case, *Hitt v. Connell,* 301 F.3d 240 (5th Cir. 2002), as standing for the proposition that Lane and Reyes' prior acts will "shed light on the reasons for their conduct." Again, Plaintiffs seem to misstate and

---

[2] A copy of the 1992 Internal Affairs investigation has been submitted to the Court along with a courtesy copy of Motion in Limine No. One.

3

1 misunderstand the law discussed in *Hitt*.

2 In *Hitt, supra,* the Court held that testimony by other deputies regarding
3 disciplinary actions taken by Connell in his supervisory capacity was admissible to prove
4 his motive for firing the plaintiff. In this case, Lane and Reyes are not seeking to
5 exclude anything concerning their supervisory conduct. Further, this is not a case
6 involving wrongful termination.

7 Third, Plaintiffs cite *United States v. Curtin* 489 F. 3d 935 (9th Cir. 2007). *Curtin*,
8 provides an analysis on the relation of relevancy under *Fed. R. Evid. Rules 402, 403* and
9 *404(b)*. In short, the *Curtin* Court notes that in light of *Rule 402*, "*Rule 404(b)* is a rule
10 of inclusion -- not exclusion." The Court goes on to state that evidence of prior bad acts
11 to demonstrate a character's proclivity as an "inference that conduct on a particular
12 occasion was in conformity with it," is not admissible (*Id.* at 944). It only becomes
13 admissible if and when the "evidence bears upon a relevant issue in the case such as
14 motive, opportunity, or knowledge . . . *especially when that issue involves the actor's*
15 *state of mind and the only means of ascertaining that mental state is by drawing*
16 *inferences from conduct.*" (*Id.* at 945, emphasis in original.)

17 Defendants certainly don't argue with this holding. However, Plaintiffs fail to
18 identify any evidence of "intent" or "motive." [3] As such, the only reason Plaintiffs seek
19 to introduce the proffered evidence is to show a propensity for conduct, which, under
20 *Rule 403*, is far more prejudicial than probative. [4]

21

22     **2)**     **Motion in Limine No. 13.**

23     **A.**     **Prosecutors Sparagna and Lebowitz Should Not Testify**

24 Neither Ms. Sparagna nor Ms. Lebowitz have any relevant information about the

25

---

26 [3] The content and resolution of the 1992 Internal Affairs report support
27 Defendants' position.

28 [4] See Declaration of Surekha A. Pessis, attached to Defendants' Motion in Limine No. One.

4

underlying murder investigation, as they did not prosecute Gantt and Smith. Rather, they were deposed in connection with the above-referenced 1992 Internal Affairs investigation.

Further, Plaintiffs' misrepresent the nature of Ms. Lebowitz' testimony. The case to which Plaintiffs refer, (another murder investigation assigned to Central Division Homicide), was not dismissed due to a failure to turn over exculpatory evidence, but rather because the prosecution was unable to proceed as the witness did not appear in Court. While it appears that the prosecution had not yet obtained the murder book, that does not constitute a "failure to turn over exculpatory evidence," as claimed by Plaintiffs. Finally, Plaintiffs fail to show that Ms. Sparagna has anything to offer regarding "intent" or "motive."

### III. CONCLUSION

Based on the foregoing, Defendants' Motion in Limine Nos. 1 and 13 should be granted with prejudice.

DATED: August 30, 2010    **CARMEN A. TRUTANICH**, City Attorney
**GARY G. GEUSS**, Chief Assistant City Attorney
**CORY M. BRENTE**, Assistant City Attorney

By    /S/
**SUREKHA A. PESSIS**, Deputy City Attorney
*Attorneys for Defendants* **CITY OF LOS ANGELES, WILLIE L. WILLIAMS, LOUIS TROVATO, JOSE L. REYES, RICK LANE, and AL GONZALES**

# DECLARATION OF SUREKHA A. PESSIS

I, SUREKHA A. PESSIS, declare as follows:

I am an attorney at law, duly licensed to appear before this Court, and I am counsel for Defendants in *Timothy Gantt v. County of Los Angeles, et al*, case no. CV-08-05979 ODW (CWx) and *Michael Smith v. City of Los Angeles, et al*, case no. CV-09-08565 ODW (CWx). If called to testify, I would state the following to be true and correct based upon my own personal knowledge:

2. Attached hereto as Exhibit "A" is a true and correct copy of the docket from *People v. Harris*, BA060908 which provides the People were unable to proceed on July 21, 1992. The docket does not provide any reference to discovery matters.

I declare under penalty of perjury under the laws of the United States of America the foregoing is true and correct.

Executed on August 30, 2010 at Los Angeles, California.

/S/
SUREKHA A. PESSIS, Declarant

```
                IN THE MUNICIPAL COURT OF CRIM JUSTICE CTR (LAC) JUDICIAL
DISTRICT,
                    COUNTY OF LOS ANGELES, STATE OF CALIFORNIA
NO. BA060908                                          PAGE NO.   1
THE PEOPLE OF THE STATE OF CALIFORNIA      VS.        CURRENT DATE 12/14/09
DEFENDANT 01:  CLEVELAND EDWARD HARRIS
LAW ENFORCEMENT AGENCY EFFECTING ARREST: LAPD - CENTRAL AREA

BAIL: APPEARANCE  AMOUNT    DATE       RECEIPT OR   SURETY COMPANY   REGISTER
      DATE        OF BAIL   POSTED     BOND NO.                      NUMBER

CASE FILED ON 07/07/92.
 COMPLAINT FILED, DECLARED OR SWORN TO CHARGING DEFENDANT WITH HAVING
COMMITTED, ON OR ABOUT 05/15/92 IN THE COUNTY OF LOS ANGELES, THE FOLLOWING
OFFENSE(S) OF:
    COUNT 01: 187(A) PC FEL
  PCD FOUND 070392 AT 12:42
NEXT SCHEDULED EVENT:
   07/07/92    830 AM   ARRAIGNMENT    DIST CRIM JUSTICE CTR (LAC) DIV  030




ON 07/07/92 AT  830 AM  IN CRIM JUSTICE CTR (LAC) DIV  030

  CASE CALLED FOR ARRAIGNMENT
PARTIES: WILLIAM R. CHIDSEY, JR. (JUDGE)   ROBERT SAIKI  (CLERK)
              BERGUNDY DAY   (REP)     IRVIN S COHEN  (DDA)
DEFENDANT DEMANDS COUNSEL.
COURT REFERS DEFENDANT TO THE PUBLIC DEFENDER.
PUBLIC DEFENDER APPOINTED.  BOB LABAU - P.D.
DEFENDANT IS PRESENT IN COURT, AND REPRESENTED BY BOB LABAU DEPUTY PUBLIC
  DEFENDER
DEFENDANT STATES HIS/HER TRUE NAME AS CHARGED.

DEFENDANT ADVISED OF THE FOLLOWING RIGHTS VIA VIDEO CASSETTE:
 THE RIGHT TO BE REPRESENTED BY A LAWYER AT ALL STAGES OF THE PROCEEDINGS,
   INCLUDING THE RIGHT, IF QUALIFIED, TO BE REPRESENTED BY A LAWYER AT PUBLIC
   EXPENSE;
 IN ANY CASE IN WHICH YOU ARE FURNISHED A LAWYER, EITHER THROUGH THE PUBLIC
   DEFENDER OR PRIVATE COUNSEL APPOINTED BY THE COURT, UPON CONCLUSION OF THE
   CRIMINAL PROCEEDINGS IN THE TRIAL COURT, THE COURT SHALL MAKE A
   DETERMINATION OF YOUR PRESENT ABILITY TO PAY ALL OR A PORTION OF THE COST OF

   COUNSEL. IF THE COURT DETERMINES THAT YOU HAVE THE PRESENT ABILITY TO PAY
   ALL OR PART OF THE COST, IT SHALL ORDER YOU TO PAY THE SUM TO THE COUNTY IN
   ANY INSTALLMENTS AND MANNER WHICH IT BELIEVES REASONABLE AND COMPATIBLE WITH
   YOUR FINANCIAL ABILITY. EXECUTION MAY BE ISSUED ON THE ORDER IN THE SAME
   MANNER AS ON A JUDGMENT IN A CIVIL ACTION;
 YOU MAY PLEAD GUILTY, NOT GUILTY OR, WITH THE CONCURRENCE OF THE COURT, NOLO
   CONTENDERE TO THE CHARGES IN THE COMPLAINT;
 THE CASE WILL BE DISMISSED IF NOT HEARD WITHIN THE STATUTORY TIME, UNLESS GOOD
    CAUSE FOR A DELAY IS SHOWN;
 THE RIGHT TO A TRIAL BY JURY;
 THE RIGHT NOT TO TESTIFY IN YOUR CASE; AND THE RIGHT TO TESTIFY IN YOUR CASE
   IF YOU WISH;
 THE RIGHT TO BE RELEASED UPON POSTING OF A REASONABLE BAIL IN AN AMOUNT TO BE
   FIXED BY THE COURT;
 IF YOU ARE NOT A CITIZEN, YOU ARE HEREBY ADVISED THAT A CONVICTION OF THE
```

EXHIBIT A PAGE 7

CASE NO. BA060908                                          PAGE NO.    2
DEF NO. 01                                                 DATE PRINTED 12/14/09

   OFFENSE FOR WHICH YOU HAVE BEEN CHARGED WILL HAVE THE CONSEQUENCES OF
   DEPORTATION, EXCLUSION FROM ADMISSION TO THE UNITED STATES, OR DENIAL OF
   NATURALIZATION PURSUANT TO THE LAWS OF THE UNITED STATES.
WITHIN 10 COURT DAYS OF COMPLETION OF ARRAIGNMENT OR ENTRY OF NOT GUILTY PLEA,
   WHICHEVER IS LATER, YOU HAVE THE RIGHT TO A PRELIMINARY HEARING IN THIS
   COURT TO DETERMINE WHETHER THERE IS A REASONABLE CAUSE TO BELIEVE THAT THE
   PUBLIC OFFENSE WITH WHICH YOU ARE CHARGED WAS COMMITTED AND WHETHER THERE IS
   REASONABLE CAUSE TO BELIEVE YOU COMMITTED SUCH CHARGE;
IN THE SUPERIOR COURT, YOU HAVE THE RIGHT TO HAVE YOUR TRIAL WITHIN 60 DAYS OF
   THE INFORMATION BEING FILED IN THAT COURT;
AT ANY PRELIMINARY HEARING OR TRIAL, YOU HAVE THE RIGHT TO BE CONFRONTED BY
   AND TO CROSS-EXAMINE WITNESSES WHO TESTIFY AGAINST YOU, AND THE RIGHT TO
   HAVE WITNESSES SUBPOENAED INTO COURT TO TESTIFY IN YOUR DEFENSE AT NO COST
   TO YOU;
THAT IF YOU PLEAD GUILTY, NOLO CONTENDERE OR ARE CONVICTED AFTER A TRIAL, YOU
   HAVE A RIGHT TO A REASONABLE CONTINUANCE BEFORE SENTENCE IS IMPOSED;
DEFENDANT WAS INFORMED OF HIS RIGHT TO BE ADVISED OF THE FOLLOWING:
THE NATURE OF THE CHARGES AGAINST HIM, THE ELEMENTS OF THE OFFENSE, AND THE

   POSSIBLE DEFENSES THERETO;
THE EFFECTS OF A PLEA OF GUILTY OR NOLO CONTENDERE;
THE EFFECTS OF PROBATION;
THE EFFECTS OF A PRIOR CONVICTION;

A COPY OF THE COMPLAINT AND THE ARREST REPORT GIVEN TO DEFENDANTS COUNSEL.
DEFENDANT'S FINANCIAL STATEMENT FILED.
DEFENDANT ADVISED THAT IN ANY CASE IN WHICH YOU ARE FURNISHED A LAWYER, EITHER
   THROUGH THE PUBLIC DEFENDER OR PRIVATE COUNSEL APPOINTED BY THE COURT, UPON
   CONCLUSION OF THE CRIMINAL PROCEEDINGS IN THE TRIAL COURT, THE COURT SHALL
   MAKE A DETERMINATION OF YOUR PRESENT ABILITY TO PAY ALL OR A PORTION OF THE
   COST OF COUNSEL.  IF THE COURT DETERMINES THAT YOU HAVE THE PRESENT ABILITY
   TO PAY ALL OR PART OF THE COST, IT SHALL ORDER YOU TO PAY THE SUM TO THE
   COUNTY IN ANY INSTALLMENTS AND MANNER WHICH IT BELIEVES REASONABLE AND
   COMPATIBLE WITH YOUR FINANCIAL ABILITY.  EXECUTION MAY BE ISSUED ON THE ORDER
   IN THE SAME MANNER AS ON A JUDGEMENT IN A CIVIL ACTION;
DEFENDANT WAIVES ARRAIGNMENT, READING OF COMPLAINT, AND STATEMENT OF
   CONSTITUTIONAL AND STATUTORY RIGHTS.
DEFENDANT WAIVES FURTHER ARRAIGNMENT.
DEFENDANT PLEADS NOT GUILTY TO COUNT 01, 187(A) PC.
   TIME ESTIMATE 2 HRS.

BAIL SET AT NO BAIL.
NEXT SCHEDULED EVENT:
07/17/92    900 AM   PRELIMINARY HEARING    DIST CRIM JUSTICE CTR (LAC) DIV  043

CUSTODY STATUS: REMANDED TO CUSTODY


ON 07/17/92 AT  900 AM  IN CRIM JUSTICE CTR (LAC) DIV  043

   CASE CALLED FOR PRELIMINARY HEARING
PARTIES: JON M. MAYEDA (JUDGE)   PEARLINE FERGERSON   (CLERK)
              MARIANNE BALES        (REP)  DONNA LEBOWITZ    (DA)
DEFENDANT IS PRESENT IN COURT, AND REPRESENTED BY CHARLES ELLIOTT DEPUTY PUBLIC
   DEFENDER
BAIL SET AT NO BAIL
   REMANDING ORDER ISSUED, NO BAIL.
NEXT SCHEDULED EVENT:
   07/21/92    830 AM   PRELIMINARY HEARING    DIST CRIM JUSTICE CTR (LAC) DIV  043

CUSTODY STATUS: REMANDED TO CUSTODY

EXHIBIT A  PAGE 8

ON 07/21/92 AT  830 AM  IN CRIM JUSTICE CTR (LAC) DIV  043

  CASE CALLED FOR PRELIMINARY HEARING
PARTIES: JON M. MAYEDA (JUDGE)   PEARLINE FERGERSON   (CLERK)
              LINDA SWARTZ   (REP)    DONNA LEBOWITZ    (DA)
DEFENDANT IS NOT PRESENT IN COURT, BUT REPRESENTED BY CHARLES ELLIOTT DEPUTY
  PUBLIC DEFENDER
COUNT (01) : DISPOSITION: ALL OTHER DISMISSALS NOT (A) TO (L)
  PEOPLE UNABLE TO PROCEED.  DEFENSE MOTION TO DISMISS, GRANTED.
  DEFENDANT DISCHARGED.
NEXT SCHEDULED EVENT:
  PROCEEDINGS TERMINATED

CUSTODY-STATUS: DEFENDANT RELEASED


ON 08/05/92 AT  800 AM :
  ADR ISSUED ON 8-4-92.
PROCEEDINGS TERMINATED



THE DOCUMENT TO WHICH THIS CERTIFICATE IS ATTACHED IS FULL, TRUE, AND CORRECT COPY OF THE ORIGINAL ON FILE AND OF RECORD IN MY OFFICE. JOHN A. CLARKE, EXECUTIVE OFFICER/CLERK OF THE SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR THE COUNTY OF LOS ANGELES.
ATTEST: 12/14/09  BY: _____ DEPUTY

EXHIBIT A PAGE 9